UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.M., individually and on behalf of M.M., a child with a disability,

                Plaintiffs,

–against–

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

**OPINION AND ORDER**

19 Civ. 1477 (ER)

RAMOS, D.J.:

D.M., individually and on behalf of M.M., a child with a disability (collectively, "Plaintiffs"), first brought this action to recover attorneys' fees stemming from an impartial due process hearing pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The parties in this action reached a settlement agreement and stipulated to the dismissal of this action on December 6, 2019. Before the Court is Plaintiffs' motion to reopen the case to enter judgment in D.M.'s favor. For the reasons discussed, Plaintiffs' motion is GRANTED in part and DENIED in part. Plaintiffs' motion is denied to the extent it seeks attorneys' fees stemming from the litigation of this motion.

## I. Factual Background

### a. Underlying Administrative Proceeding

Plaintiffs initiated an impartial due process hearing on August 22, 2017. *See* Doc. 1 at ¶ 8. Specifically, Plaintiffs alleged that M.M. was denied a Free Appropriate Public Education ("FAPE") by the New York City Department of Education ("Defendant" or "DOE") during the 2015-16 and 2016-17 school years. *Id*. In March 2018, M.M. prevailed at the impartial hearing,

and an order was issued awarding Plaintiffs the relief requested. *See* Doc. 1 at ¶ 12. In June 2018, Plaintiffs submitted a demand for attorneys' fees and costs incurred in connection with the administrative proceeding pursuant to the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3). *Id*. at ¶ 13.

### b. Action to Recover Attorneys' Fees in Federal Court

On February 15, 2019, Plaintiffs filed the instant complaint. *See* Doc. 1. The Complaint alleged claims for attorneys' fees incurred from the IDEA administrative proceeding, in addition to attorneys' fees and costs incurred in connection with filing the federal proceeding. Doc. 1, ¶¶ (2), (3). On December 6, 2019, the parties entered into a stipulation wherein Defendant agreed to pay $28,500 in satisfaction of Plaintiffs' attorneys' fees and related costs, and in consideration, Plaintiffs agreed to the dismissal of all claims against Defendant. Doc. 13 ¶ 4. Releases were provided to counsel for Defendant on July 29, 2020. Doc. 15-2.

### c. Motion to Recover Interest and Attorneys' Fees in Federal Court

On January 4, 2021, Plaintiffs moved for entry of judgment based on Defendant's failure to pay the agreed-upon settlement amount. *See* Doc. 17. Plaintiffs rely on N.Y. C.P.L.R. § 5003-a as a statutory basis for its entitlement not only to the settlement funds, but also to interest on the settlement, and attorneys' fees incurred from bringing the instant motion. Doc. 17 at p. 9-10. On January 19, 2021, Defendant tendered payment in the amount of $28,500 to Plaintiffs. Doc. 21 at ¶ 3. On January 26, 2021, Defendant filed its opposition to Plaintiffs' motion for the additional amounts requested. *See* Doc. 21.

## II. Legal Standard

New York State Civil Practice Rule § 5003-a(b) provides: "[w]hen an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof,

or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender . . . of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." Section 5003-a(e) further provides a remedy for plaintiffs when defendants fail to tender payment within the ninety day window: "[i]n the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid. The judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered."

While Section § 5003-a is a state statute, *Elliot v. City of New York* held that N.Y. C.P.L.R. § 5003-a applies to federal judgments even if the underlying claim arises under federal law. *See* 11-CV-7291, 2013 WL 3479519, at *2–3 (S.D.N.Y. July 10, 2013). The Court in *Elliot* reasoned that federal settlements are essentially questions of contractual interpretation, and are thus governed by state law. *Id*.

## III. Discussion

### a. Plaintiffs are Entitled to Judgment in their Favor

The Court finds that Plaintiffs are entitled to entry of judgment and interest on the settlement pursuant to N.Y. C.P.L.R. § 5003-a. Section 5003-a(b) provides that all sums were due to Plaintiffs within ninety days of tender of the release and stipulation of discontinuance, and § 5003-a(e) entitles Plaintiffs to interest on the settlement amount where Defendant failed to tender payment within that ninety-day period. Here, it is undisputed that Defendant tendered payment more than 90 days after it was due. Pursuant to § 5003-a, payment was required to have

been made by Defendant no later than October 27, 2020, but Defendant did not make the payment until January 19, 2021.  *See* Doc. 17 at p. 10; Doc. 21 at ¶ 3.

Defendant also argues that Plaintiffs bear responsibility for significant delays in negotiating the settlement agreement.  However, any pre-settlement activity is not relevant to the question of whether the DOE was delinquent in disbursing funds after the settlement was reached.

While the DOE has not disputed that it failed to tender payment within ninety days of settlement, it nevertheless contends that the issue is moot because payment was eventually tendered.  Doc 21 at ¶ 3.  In *C.S. v. NYC. Dept. of Educ.*, the court dealt with this precise issue, and found that the case was not moot and entered judgment in favor of Plaintiffs.  *See* 19-CV-11419, 2021 WL 1851366 at *3 (S.D.N.Y. Apr. 8, 2021).  As Judge McMahon stated, "I reject the City's contention that this motion has been mooted by the belated payment of the stipulated sum . . . the City's belated payment did not moot that issue; it gives rise to the issue." *Id.*  In other words, the fact that payment was tendered sometime *after* that 90-day period may change the interest to which the plaintiff was entitled, but it did not change the underlying issue of whether the plaintiff was entitled to interest based on failure to pay the settlement amount within the statutory period.  *Id.*

Judge McMahon also cited *Elliot v. City of New York* as a basis for her finding.  *Id.*  On a closely analogous set of facts, *Elliot* held that because the defendant failed to tender payment to the plaintiffs within the ninety days allotted by § 5003-a, plaintiffs were entitled to judgment for the amount set forth in the settlement, plus interest "on the amount set forth in the [Settlement Agreement] from the date that the [Settlement Agreement] was tendered." *See* 11-CV-7291,

2013 WL 3479519 at *3 (S.D.N.Y. Jul. 10, 2013). The Court finds *C.S.* and *Elliot* persuasive, and holds that Plaintiffs are entitled to the settlement amount of $28,000, plus 9% interest.[1]

Alternatively, the DOE argues that in light of then-Governor Cuomo's executive order tolling various statutory deadlines through November 3, 2020, the Court could find that DOE's payment was tendered within the 90-day window proscribed by § 5003-a(b). *See* Doc. 21 at ¶¶ 18, 19. The Court disagrees that the referenced executive order governs the instant matter.

The language of the executive order referenced by the DOE tolls ". . . any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state . . ." Executive Order 202.8.[2] However, § 5003 does not require the DOE to take any action that would constitute a ". . . commencement, filing, or service of any legal action, notice, motion, or other process or proceeding." Rather, the ninety-day time period is simply a default rule regulating its performance under the settlement agreement.

This conclusion is further supported by the small body of caselaw interpreting the temporal effect of Executive Order 202.8. In these cases, the executive order has been utilized to afford a party additional time to *file* or initiate matters, but the Court is not aware of any case extending E.O. 202.8 to impact a party's performance under a settlement agreement.[3]

---

[1] In both *C.S.* and *Elliot* the court applied a 9% interest rate for § 5003 claims. *See C.S.*, 2021 WL 1851366 at *4; *Elliot*, 2013 WL 3479519 at *3. The 9% rate applies here as well because the claim arises under § 5003, a state statute. *See also In re Palermo*, 739 F.3d 99, 107 (2d Cir. 2014) (stating that interest rates for claims that arise out of federal law are governed by federal rules, and interest rates for claims that arise out of state law are governed by state rules).

[2] Executive Order 202.8 was the first executive order that addressed civil litigation deadlines. It was issued on March 20, 2020 and tolled deadlines until April 19, 2020. Then-Governor Cuomo later issued a number of subsequent executive orders, including 202.67, cited by the DOE, which extended the tolling period until November 3, 2020.

[3] *See Foy v. State of New York*, 144 N.Y.S. 3d 285, 289 (Ct. Cl. 2021) (holding that tolling effect of Executive Order 202.8 entitled claimant to additional time to file claim); *Matter of 701 River Associates LLC*, 148 N.Y.S. 3d 365, 369 (Sup. Ct. Rensselaer Cty. 2021) (holding that Executive Order 202.8 tolled timetable for filing extensions under

b. **Attorneys' Fees and Costs**

Plaintiffs also request attorney's fees for bringing the instant motion for entry of judgment. The Court finds, however, that Plaintiffs are not entitled to attorneys' fees for bringing the motion.

Section 5003-a(e) provides that, if the plaintiff prevails, "[t]he judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered." In *Diaz v. City of New York*, the plaintiff, who had brought a § 1983 case, argued that because the term "costs" under § 5003-a(e) was not explicitly defined, the court should adopt the meaning of "costs" set forth in the § 1983 fee-shifting provision, which explicitly entitled prevailing plaintiffs to attorneys' fees. *See* 15-CV-1842, 2016 WL 4059351 at *2 (E.D.N.Y. Jul. 29. 2016). In denying the motion, the court in *Diaz* relied on the magistrate judge's report and recommendation that "by its explicit terms, § 5003-a does not provide for recovery of attorney's fees" and "there is nothing in the legislative history of § 5003-a indicating that attorney's fees are to be included in 'costs' under the statute." *See Diaz v. City of New York*, No. 15-CV-1842, 2016 WL 11481717, at *3 (E.D.N.Y. July 1, 2016), *report and recommendation adopted by Diaz*, 2016 WL 4059351.

Similarly, *Muhammad v. Garcia* held that on a § 5003-a motion, a plaintiff is not entitled to "attorneys' fees for legal research and the preparation of the order . . . as C.P.L.R. 5003-a(e) does not provide for [the] same." *See* No. 20869/2010E, 2012 WL 833239 at *2 (N.Y. App. Div. 1999). *See also Liss v. Brigham Park Cooperative Apartments Sec. No. 3, Inc.*, 264 A.D.2d 717,

---

Lien Law § 17); *Bastell v. Village of Rye Brook*, 2021 WL 1775002 at *3 (Sup. Ct. Westchester Cty. 2021) (denying motion to dismiss complaint on grounds of untimely filing because of the tolling effect of Executive Order 202.8); *Brash v. Richards*, 149 N.Y.S. 3d 560, 563 (N.Y. App. Div. 2021) (holding that notice of appeal was filed timely as a result of the toll effectuated by Executive Order 202.8).

718 (N.Y. App. Div. 1999) (finding that the New York Supreme Court erred in awarding a plaintiff attorneys' fees "because 5003-a(e) does not provide for an award of attorney's fees.").

Plaintiffs argue that they are entitled to attorneys' fees based on the IDEA fee-shifting provision. *See* Doc. 17 at p. 4.  The Court declines to adopt Plaintiffs' reasoning as Plaintiffs have not offered any legal authority where external fee-shifting provision language was adopted in a § 5003-a action.  Plaintiffs' motion for attorneys' fees in connection with this motion is therefore denied.  However, Plaintiffs are entitled to "costs" associated with this motion.  *See Diaz*, 2016 WL 11481717, at *3 (noting that while the plaintiff was not entitled to attorney's fees, he was entitled to "costs and disbursements from the inception of the action.").  Thus, Plaintiffs are entitled to the $9.45 in listed expenses associated with bringing this motion.  *See* Doc. 15-3 at p. 2.

## IV. Conclusion

For the reasons discussed, the motion for entry of judgment is GRANTED but Plaintiffs' motion for attorneys' fees under § 5003-a is DENIED.  The Clerk of Court is respectfully directed to enter judgment in the amount of $28,500, together with interest at the rate of 9% per annum, from the date of July 30, 2020 to January 19, 2021, as well as for $9.45 in costs.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 14, and enter judgment in favor of Plaintiffs.

It is SO ORDERED.

Dated:   September 28, 2021
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.